**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE**

Criminal Case No. 98-cr-00261-LTB

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1.      ERIC KENNETH AHLENIUS,

        Defendant.
_____

**ORDER**
_____

This criminal matter is before me on Defendant, Eric Kenneth Ahlenius's, Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) [**Docket ## 92, 109**], the Government's Response [**Docket # 97**], and Defendant's Reply [**Docket # 98**]; as well as Defendant's *pro se* Petitions for Writ of *Error Coram Nobis* and/or *Audita Querela* [**Docket # 101**] and supporting Memorandum [**Docket # 102**], and the Government's Response [**Docket # 108**]. A hearing on these motions was held on June 2, 2009. For the reasons stated on the record at the hearing and further described below, and based upon the arguments made at the hearing as well as the papers and the case file, I find and conclude as follows.

**I. BACKGROUND**

In August 1998, Defendant pleaded guilty to knowingly and intentionally possessing with the intent to distribute crack cocaine, and aiding and abetting the same, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1) & (b)(1)(B)(iii). At the time Defendant entered his plea, both Defendant and the Government believed Defendant was not eligible for a career offender enhancement. After an amended presentence report indicated Defendant had three prior

convictions for Escape and Attempted Escape—and therefore would be subject to the *per se* rule requiring application of the career offender enhancement, U.S.S.G. § 4B1.1—Defendant moved to withdraw his guilty plea. Defendant's motion was denied and he was sentenced to 262 months.

On appeal to the Tenth Circuit, the 262-month sentence was vacated and remanded for reconsideration in light of the Tenth Circuit's holding in *United States v. Santos* that the term of sentence should be determined by the drug quantity at issue in the offense presently charged—not by combining the quantity charged in the present offense with the quantity charged in a previous offense. *See United States v. Santos*, 195 F.3d 549, 552–53 (10th Cir. 1999). The Tenth Circuit, however, upheld the *per se* rule holding that all escape attempts were considered "crimes of violence" for purposes of applying the career offender rule. On remand, the sentence was reduced to 188 months. According to information provided by the Bureau of Prisons, Defendant's current projected release date from his 188-month sentence is May 12, 2012.

## II.  MOTION FOR REDUCTION OF SENTENCE [DOCKET # 92]

On January 13, 2009, the United States Supreme Court decided *Chambers v. United States*, 129 S. Ct. 687 (2009). *Chambers*—construing the Armed Career Criminal Act—held that a conviction for failure to report to a penal institution does not qualify as a "violent felony." *See Chambers*, 129 S. Ct. at 693. In *dicta*, the Court also indicated that failure to abide by the terms of home confinement likewise does not qualify as a "violent felony" because it is even less likely to involve a risk of physical harm than failure to report. *See id.* at 691. The Tenth Circuit—in an unpublished opinion—has applied *Chambers*'s holding to cases arising under the career offender enhancement rule contained in U.S.S.G. § 4B1.1. *See United States v. Pappan*, No. 07-8020, 2009 WL 489963, at *4 (10th Cir. Feb. 27, 2009).

Defendant now moves the Court for a reduction of his sentence under 18 U.S.C. § 3582(c)(2). Defendant argues his sentence should be reduced because he was sentenced under the crack cocaine guidelines that were adjusted downward by Sentencing Guidelines Amendment 706. Although Amendment 706 does not apply to sentences issued under the career offender guidelines—see *United States v. Sharkey*, 543 F.3d 1236, 1239 (10th Cir. 2008)—Defendant argues *Chambers* teaches that the career offender guidelines were improperly applied in the first instance. The Government responds that *Chambers* should not be applied retroactively to alter Defendant's sentence on collateral review.

At the hearing, Defendant conceded that—but for the retroactive application of *Chambers* to his "career offender" status—his motion under 18 U.S.C. § 3582(c)(2) would be moot. But Defendant's concession does not go far enough. It is well-established that a district court is authorized to modify a defendant's sentence only when it is expressly granted the jurisdiction to do so. *See United States v. Green*, 405 F.3d 1180, 1184 (10th Cir. 2005). Jurisdiction under Section 3852(c)(2) is narrow. *See id.* Indeed, the Tenth Circuit expressly holds that relief under Section 3582(c)(2) is entirely unavailable unless the sentencing range has been modified by the Sentencing Commission itself. *See United States v. Price*, 438 F.3d 1005, 1007 (10th Cir. 2006). Where—as here—the defendant seeks to have his sentence reduced because of an intervening change in law as determined by the Supreme Court, relief under 18 U.S.C. § 3582(c)(2) is not available. *See id.* at 1007, n.2 ("By its plain language, § 3582(c)(2) is not implicated by a decision of the Supreme Court that is unrelated to an actual amendment of the guidelines.") (quoting *United States v. Privette*, 129 F. App'x 897, 899 (5th Cir. 2005)). Accordingly, Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) [**Docket ## 92, 109**] is denied for lack of jurisdiction.

## III.  PETITIONS FOR WRIT OF *ERROR CORAM NOBIS* AND/OR *AUDITA QUERELA* [DOCKET # 101]

Defendant filed a *pro se* motion seeking a writ of *error coram nobis* and/or a writ of *audita querela* [**Docket # 101**].  As Defendant is represented by counsel, consideration of this *pro se* motion appears inappropriate.  *See United States v. Hildreth*, 485 F.3d 1120, 1125 (10th Cir. 2007).  Moreover—to the extent Defendant's counsel raised the arguments included therein at the hearing—a prisoner may not challenge a sentence or conviction for which he is currently in custody through a writ of *coram nobis*, nor is a writ of *audita querela* available to a petitioner when other remedies exists, such as a motion under 28 U.S.C. § 2255.  *United States v. Torres*, 282 F.3d 1241, 1245 (10th Cir. 2002).

## IV.  CONCLUSION

Accordingly, IT IS ORDERED as follows:

1.  Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) [**Docket ## 92, 109**] is DENIED for lack of jurisdiction;

2.  Defendant's Petitions for Writ of *Error Coram Nobis* and/or *Audita Querela* [**Docket # 101**] are DENIED.

Dated: June   2  , 2009.

BY THE COURT:

  s/Lewis T. Babcock  
Lewis T. Babcock, Judge